**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
August W. Heckman III (030222005)
Ashley D. Chilton (198822016)
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant Amazon.com Services, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.J.C., <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON COM DEDC, LLC; ABC CORPS (I—V); AND TYLER MORALES, INDIVIDUALLY, AND JANE DOE INDIVIDUALS (1-10), <br><br> Defendants | Civil Action No.: <br><br> **NOTICE OF REMOVAL** <br><br> DOCUMENT ELECTRONICALLY FILED |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Amazon.com Services, Inc. ("Defendant" or "Amazon") (incorrectly identified in the Complaint as "AMAZON COM DEDC, LLC"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby remove the above-captioned action from the Superior Court of the State of New Jersey, Middlesex County, Case No. MID-L-006893-19, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

## **PROCEDURAL BACKGROUND**

1.  Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: upon information and belief, Plaintiff D.J.C. ("Plaintiff") resides at 33 Princeton Road, Parlin, New Jersey, 08817 and is represented by Gill & Chamas, L.L.C., 655 Florida Grove Road, P.O. Box 760, Woodbridge, NJ 07095. Individually named Defendant, Tyler Morales, resides at 152 W. Laurel Street, Apt 404, Philadelphia, PA 19123. Amazon.com Services, Inc., a citizen of Delaware and Washington, is a wholly-owned subsidiary of parent company Amazon.com, Inc., a Delaware corporation, with a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109.  Amazon and Mr. Morales are represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2.  On October 4, 2019, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Middlesex County, captioned *D.J.C. v. AMAZON COM DEDC, LLC, et al.*, Civil Action No. MID-L-006893-19.

3.  Plaintiff served his Complaint on Defendant Amazon on October 9, 2019. Defendant Morales has not yet been served.

4.  Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Defendant Amazon.  Accordingly, Amazon has timely filed this Notice of Removal under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

5.  In his Complaint, Plaintiff alleges claims under both state and federal law, including the New Jersey Law Against Discrimination ("NJLAD") and the Americans with Disabilities Act ("ADA"). *See* Complaint ("Compl."), Ex. A, at ¶¶ 10, 17, 42.

6.  Plaintiff could have originally filed this action against Amazon in this Court pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1331.

7. No proceedings have been held in the Superior Court of the State of New Jersey, Middlesex County since Plaintiff filed his Complaint. The Summons and Complaint – copies of which are attached hereto as **Exhibits A and B** – constitute the entirety of the process, pleadings, and orders Defendant has received in this case to date. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. Federal district courts also have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

### Federal Question Jurisdiction

11. This Court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under the federal ADA. Compl, Ex. A, at ¶¶ 10, 17.

12. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

13. Because the Complaint states a claim under the federal ADA, over which this Court has original jurisdiction, removal is proper under 28 U.S.C. § 1441(a).

14. To the extent Plaintiff's remaining counts arise under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1 *et seq*., and New Jersey common law, this Court has supplemental jurisdiction over these claims as they "form part of the same case or controversy" because all of Plaintiff's claims arise out of his employment with Amazon and alleged issues relating to his alleged disability during his employment. *See* 28 U.S.C. § 1367(a).

**Diversity Jurisdiction**

15. In the alternative, even if Plaintiff had not pled a federal claim (which he did), Amazon may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

**Amount in Controversy**

16. In his Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendants' alleged unlawful conduct caused Plaintiff to suffer protracted unemployment, emotional distress, damaged his economic potential, and prevented him from pursuing his legal rights.

17. Plaintiff seeks, *inter alia*, reinstatement, compensatory damages, punitive damages, cost of suit and attorneys' fees. *See* Compl, Ex. A, at the unnumbered WHEREFORE clauses following Counts 1-4.

18. While Plaintiff does not quantify the damages he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying

motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

19. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

20. Plaintiff is a citizen of the State of New Jersey. *See* Compl., Ex. A, at ¶1 of the First Count.

21. Individual defendant, Tyler Morales, is a citizen of the State of Pennsylvania. Mr. Morales has not been served with process. *See* 28 U.S.C. §1441(b)(2)(requiring "parties in interest [to be] properly joined and served as defendants[.]")

22. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. Amazon.com Services, Inc., is a citizen of Delaware and Washington because it is incorporated in Delaware and has its principal place of business in Washington.

24. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1441(b)(2).

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

25. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Middlesex County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl., Ex. A.

26. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Middlesex County, where the suit has been pending.

27. WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Middlesex County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  November 8, 2019                              Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*s/ August W. Heckman III*
August W. Heckman III
Ashley D. Chilton
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
august.heckman@morganlewis.com
ashley.chilton@morganlewis.com
*Attorneys for Defendant Amazon.com Services, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of November 2019, a true and correct copy of the foregoing Notice of Removal with exhibit was served on the party listed below via Federal Express:

Walter Dana Venneman, Esq.,
Gill & Chamas, L.L.C.,
655 Florida Grove Road,
P.O. Box 760, Woodbridge, NJ 07095
*Attorney for Plaintiff*

*s/ August W. Heckman III*
August W. Heckman III