Gill & Chamas, L.L.C.
By: **WALTER DANA VENNEMAN (#023901997)**
655 Florida Grove Road
P.O. Box 760
Woodbridge, New Jersey 07095
732-324-7600
732-324-7606 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| **D.P.C.**<br><br>Plaintiffs,<br>vs.<br><br>**AMAZON.COM SERVICES, INC.;**<br>**AMAZON.COM.DEDC, L.L.C. AND ABC**<br>**CORPS (II --V); TYLER MORALES AND**<br>**CARLOS SANTOS, INDIVIDUALLY,**<br>**AND JANE DOE INDIVIDUALS (2 – 10)**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6893-19<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

The Plaintiff, D.P.C., residing in Parlin, County of Middlesex, State of New Jersey (street address not provided to protect plaintiff's identity in a public record), by way of his Amended Complaint against the Defendant(s), states the following:

### FIRST COUNT

1. Plaintiff, D.P.C. is an individual residing in, Parlin, New Jersey, 08859.

2. The defendant, AMAZON.COM SERVICES, INC., previously plead as ABC Corps I, and/or Amazon.com.dedc, L.L.C. (hereinafter "Amazon") is/are corporation(s) authorized to do business in the State of New Jersey, with multiple locations within the State of New Jersey including the Amazon Fulfillment Center LGA9 at 2170 New Jersey Route 27, Edison, NJ 08817.

3. The defendant, Tyler Morales is an employee/representative of defendant Amazon at the Amazon Fulfillment Center LGA9 at 2170 New Jersey Route 27, Edison, NJ 08817.

4. The defendant, Carlos Santos, previously plead as Jane Doe Individual 1, is an employee/supervisor/representative of defendant Amazon was D.P.C.'s direct supervisor at the Amazon Fulfillment Center LGA9 at 2170 New Jersey Route 27, Edison, NJ 08817.

5. The defendants ABC Corps II – V (names of ABC Corps being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10) names of Jane Doe Individuals being fictitious, correct names currently unknown to plaintiff), are corporations, business entities, parent companies, subsidiaries, trading as, doing business as, or individuals or otherwise unknown as the former employer and employer's supervisors, of the plaintiff, D.P.C.

6. On or about November 3, 2017 defendant Amazon hired plaintiff as a Warehouse Associate engaged in fulfilling merchandise orders.

7. Plaintiff, D.P.C. was an hourly employee paid approximately $14.10 per hour working full time hours for the defendant.

8. Plaintiff, D.P.C. duly performed all of the terms, duties and conditions of his employment in a satisfactory manner.

9. Not only did D.P.C. duly perform all duly performed all of the terms, duties and conditions of his employment in a satisfactory manner, during his period of employment with the defendant he was never disciplined for any reason and in fact was elevated in status twice, by additional assignments as "Process Guide" and Amazon Ambassador.

10. Defendant Amazon is and was an "employer" within the State of New Jersey and is and was required to abide by the state laws which prohibit work place discrimination, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

11. The defendant Amazon, as an employer within the State of New Jersey, was compelled to treat all employees, fairly, equally, without discrimination, and were required to obey and follow the laws of the State of New Jersey, including specifically those laws which prohibit discrimination in hiring and disability discrimination in the workplace, prohibit retaliatory conduct for providing notice of disability, and those laws that require reasonable accommodations, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

12. In the early morning hours of Wednesday, July 11, 2018, defendant Amazon, by and through defendant Carlos Santos, notified D.P.C. that D.P.C. would be required to submit to a random Oral Fluid Drug Test and was directed to "AmCare", which is an office within defendant Amazon's Edison Amazon Fulfillment Center.

13. Prior to submitting to the oral fluid drug test on Wednesday, July 11, 2018, D.P.C. asked the collector a series of questions in order to document and disclose prescription medication(s) that might cause a positive result.

14. The collector, whose name is not clearly identified on the Copy 3 Donor Copy Oral Fluid Drug Test Form (Amzn), denied D.P.C. the opportunity to disclose prescription medications, either orally or in writing, prior to taking the test.

15. The Oral Fluid Drug Test Form (Amzn) used for D.P.C.'s test does not contain an entry field for the donor, or the collector, to identify current and/or prescription medications.

16. On Wednesday, July 11, 2018, the collector told D.P.C. that he would have an opportunity later to provide prescriptions in the event of a positive result.

17. On Wednesday, July 11, 2018, D.P.C. submitted to the Oral Fluid Drug Test and provided the sample required.

18. At all relevant times to this complaint, including at the time of hiring, D.P.C. suffered from anxiety and panic disorder, which were diagnosed by a licensed physician are valid and/or enumerated and/or perceived disabilities that fall within the ambit of laws of the state of New Jersey.

19. Other than a pre-employment drug test, which D.P.C. passed, the drug test of Wednesday, July 11, 2018 was the only drug test, of any sort, administered to D.P.C. during his period of employment.

20. Approximately one month after the Oral Fluid Drug Test of Wednesday, July 11, 2018, D.P.C., and without any performance or disciplinary issues, on August 15, 2018, D.P.C's supervisor, defendant Carlos Santos, pulled D.P.C. from the floor of the Amazon Fulfillment Center and walked him to the front offices, saying nothing.

21. Once in a remote office on location, defendant Tyler Morales joined defendant Carlos Santos and confronted D.P.C. Defendant Tyler Morales introduced himself as defendant's HR Representative.

22. Once seated, defendant Tyler Morales immediately told D.P.C. that he was being terminated for failing the drug test [of July 11, 2018].

23. Defendant Tyler Morales, before announcing the termination and its general basis, gave D.P.C. no opportunity to provide comment.

24. After defendant Tyler Morales told D.P.C. he was terminated, D.P.C. informed defendant Tyler Morales, in the presence of defendant Carlos Santos, that he had, and produced, a valid Medical Marijuana Card and that Medical Marijuana was lawfully prescribed to him for treatment of his disabilities.

25. Defendants Morales and Santos excused themselves from the room. Upon their return, defendant Morales in the presence of defendant Santos told D.P.C. that he was not "being terminated" and had to leave work temporarily on "Certificate of Fitness Leave". Defendant Morales explained that this was a "paid leave status" to complete a Certification of Fitness to be signed by D.P.C.'s physician. Defendant Morales further explained that "Amazon Accommodations" personnel would be in touch with 24 hours to advise if any other paperwork was required.

26. According to the "Certificate of Fitness Off Work" provided to the plaintiff on or about August 16, 2018, *plaintiff had until August 22, 2018* to complete it, and to turn it in.

27. On August 17, 2018, plaintiff and plaintiff's physician, Dr. Jeffrey Rosen, completed and duly executed the "Accommodations paperwork".

28. The accommodations paperwork outlined that plaintiff was fit for work and that the use of Medical Marijuana was for a valid and delineated disability.

29. Defendant Amazon (Accommodations) did not contact D.P.C. on August 16, 2018 within 24 hours as represented by defendant Morales.

30. Concerned, plaintiff D.P.C., on August 16, 2018 D.P.C. went online to Amazon Hub and found that contrary to the representation of defendant Morales, he was not being paid for his shift on August 15, 2018. Rather, his time on August 15, 2018 was being charged as "Unpaid Time Off."

31. Concerned, plaintiff D.P.C. contacted Amazon Employee Resource Hotline and was told that the pay issue would be corrected and that he would have to "wait for the My Accommodations representative to contact him."

32. Defendant Amazon (Accommodations) did not contact D.P.C. on August 17, 2018.

33. Concerned, D.P.C. contacted Defendant Amazon (Accommodations) on Friday, August 17, 2018, having already gone to his physician and having had completed the "accommodations" paperwork. He was advised that he would "have to wait to speak with the case manager" who might not call until Monday, August 20, 2018.

34. Defendant Amazon (Accommodations) case manager, if one was ever assigned, did not call D.P.C. at any time.

35. On Monday, August 20, 2018, at approximately 6:44pm, having no information whatsoever regarding an accommodation, D.P.C. again called Defendant Amazon My Accommodations, gave his case number, and was told that his case had been transferred back to "Amazon Local HR". Defendant's representative did not raise the issue of the Certificate of Fitness (accommodations) paperwork, so plaintiff again was left to himself to raise the issue of his rights to be free of discrimination in the workplace.

36. To do this, plaintiff D.P.C. now asked, "What about my paperwork I had filled out and signed by my doctor?" Defendant Amazon's My Accommodations representative said that it would "get attached" to his file, but "they didn't need it anymore".

37. An hour and 20 minutes later, the evening of August 20, 2018, defendant Morales called plaintiff D.P.C. (with an unidentified additional representative on the phone) and immediately told D.P.C. that he was being terminated for "failing to notify defendant" of the Medical Marijuana (card/disability) prior to the test. D.P.C. then told defendant Morales that he had in fact tried to disclose this to defendant Amazon's collector prior to the test on July 11, 2018 and that the collector assured him that he would have the opportunity to present prescriptions later

in time. While not retracting the termination, defendant Morales responded that he would "dive deeper".

38. D.P.C. submitted the accommodations materials signed by his physician on August 21, 2018 at 5:34am to accommodations@amazon.com.

39. Defendant Amazon did not contact plaintiff until August 27, 2018 at 8:20pm and an otherwise unidentified Amazon HR representative told D.P.C. that he was terminated for the third time. No explanation was given, no affirmation that his accommodations paperwork was reviewed, and absolutely no offer of accommodation was made.

40. On August 28, 2018 defendant Amazon sent plaintiff a letter confirming "that the date of involuntary termination of your employment with Amazon.com.dedc, LLC is August 28, 2018".

41. No further "exchange" occurred. No remedial paperwork was offered and no accommodation was offered.

42. At no time prior to termination did defendants offer to D.P.C. any reasonable accommodation.

43. As a direct result of the unlawful actions of the defendant and its employees, violation of the laws of the State of New Jersey, such as but not limited to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq, plaintiff has been deprived of his salary, benefits, financial security, loss of enjoyment of work, suffered and continues to suffer compensatory and pecuniary damages and losses, emotional distress, anxiety, sleeplessness, humiliation, embarrassment, nervous anguish, mental and emotional upset, and has had his civil rights violated.

WHEREFORE, the plaintiff, D.P.C. demands judgment against the defendants and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10 (said full names of Jane Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

    A. Reinstatement;

    B. Compensatory damages;

    C. Punitive damages;

    D. Attorney's fees and costs;

    E. All other relief permitted by the New Jersey Law Against Discrimination;

    F. Together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and incorporates herein the allegations of the First Count herein as if set forth in full.

2. On information and belief, Defendant Amazon has a policy of considering rehiring of former Amazon employees 120 days post-termination, or discontinuation of employment, even after terminations for positive drug results.

3. Contemporaneous with plaintiff's termination, defendant "blacklisted" D.P.C. from application to Amazon and other Amazon-owned businesses, such as Whole Foods.

4. D.P.C. subsequently applied to Whole Foods and was advised that he would not be considered due to his termination from Amazon.

5. After 120 days post-termination, D.P.C. attempted to reapply to defendant, but Amazon responded that after reviewing his reason for termination, he could not apply.

6. Defendant Amazon's personnel policies and actions created a continuing harm to the plaintiff and continue to discriminate against him on the basis of disability and perceived disability in violation of the New Jersey Law Against Discrimination.

7. As a result of defendant's continuing and unlawful conduct, plaintiff suffered a protracted period of unemployment, emotional distress, and has been permanently damaged in his economic potential.

**WHEREFORE**, the plaintiff, D.P.C. demands that defendant Amazon in New Jersey from continuing this unlawful and discriminatory practice and for judgment against the defendants and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10 (said full names of Jane Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A. Reinstatement;

B. Compensatory damages;

C. Punitive damages;

D. Attorney's fees and costs;

E. Enjoinment, and all other relief permitted by the New Jersey Law Against Discrimination and other now applicable New Jersey laws;

F. Together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff repeats and incorporates herein the allegations of the First Count and Second Count herein as if set forth in full.

2. As a result of defendant Amazon's unlawful, prejudicial, discriminatory, stigmatizing and harmful conduct, D.P.C. was encumbered and prevented from fully mitigating his economic damages.

3. In seeking re-employment, D.P.C. was and continues to be prejudiced and harmed by defendant Amazon's conduct inasmuch as plaintiff cannot explain to prospective employers the basis for his termination from defendant Amazon, the gap in his employment, without either disclosing his disability and/or medical treatment or being dishonest or obtuse as to the reason for his termination.

4. Although plaintiff finally obtained employment, he does not have the same benefits, opportunity and enjoyment of work as he did with defendant Amazon.

5. As a direct result of defendant Amazon's unlawful conduct and dishonest conduct at termination, D.P.C. experienced great economic and emotion harm and continues to be embarrassed, subject to further discrimination in the work place, and stigmatized.

**WHEREFORE**, the plaintiff, D.P.C. demands judgment against the defendants and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10 (said full names of Jane Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A. Reinstatement;

B.  Compensatory damages;

C.  Punitive damages;

D.  Attorney's fees and costs;

E.  All other relief permitted by the New Jersey Law Against Discrimination;

F.  Together with interest and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats and incorporates herein the allegations of the First Count, Second Count and Third Count as if set forth in full.

2. After termination, plaintiff applied for unemployment benefits through the State of New Jersey.

3. On September 24, 2018, the State of New Jersey sent a Notice of Determination to plaintiff finding that:

a. He was eligible for unemployment benefits beginning August 26, 2018; and

b. that defendant alleged that plaintiff's discharge was allegedly for "failing to show up for work".

c. defendants never supplied written evidence to the State of New Jersey to support the stated reason for termination.

4. Defendants, through the above conduct, conspired to cover up its unlawful termination based on plaintiff's disability.

5. Defendants' conspiratorial and unlawful conduct was intended to prevent plaintiff from timely receiving unemployment benefits.

6. Defendants' conspiratorial and unlawful conduct was intended to keep plaintiff and others similarly situated from pursuing his/their legal rights under the New Jersey Law Against Discrimination, by not bringing to light to the State of New Jersey the real reason for plaintiff's termination, i.e. a positive drug test for prescription medical marijuana for his disabilities.

7. Defendants' conspiratorial and unlawful conduct was intended to avoid the laws of the State of New Jersey, to avoid public scrutiny, and to avoid tarninshing its reputation and image.

**WHEREFORE**, the plaintiff, D.P.C. demands **PUNITIVE DAMAGES** and judgment against the defendants and ABC Corps II – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 2 – 10 (said full names of Jane Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A. Reinstatement;

B. Compensatory damages;

C. **Punitive damages;**

D. Attorney's fees and costs;

E. All other relief permitted by the New Jersey Law Against Discrimination;

F. Together with interest and costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that pursuant to the Rules of Court, Walter Dana Venneman is hereby designated as trial counsel of the within matter.

Dated: November 19, 2019

                                            GILL & CHAMAS, LLC
                                            Attorneys for Plaintiff D.P.C.

                                  By: *Walter Dana Venneman*
                                            WALTER DANA VENNEMAN

## CERTIFICATION PURSUANT TO R. 4:5-1

I, WALTER DANA VENNEMAN, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a member of the firm of Gill & Chamas, LLC and, as such, am fully familiar with same.

2. To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division of Middlesex, other than the matters which have already been consolidated. Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated at this time.

I do hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 19, 2019

GILL & CHAMAS, LLC
Attorneys for D.P.C.

By: *Walter Dana Venneman*
WALTER DANA VENNEMAN