# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **D.J.C.,** Plaintiff, v. **AMAZON COM DEDC, LLC; ABC CORPS (1-V); TYLER MORALES, INDIVIDUALLY; AND JANE DOE INDIVIDUALS (1-10),** Defendants. | Civ. No. 2:19-cv-19985 (WJM) **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter, an action under New Jersey law for wrongful termination, comes before the Court on Plaintiff's Motion to Amend the Complaint and Remand for lack of subject matter jurisdiction. ECF No. 4. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, identified as D.J.C. in his Complaint,[1] Compl., ECF No. 1, Notice of Removal, Ex. A, alleges that his termination in August 2018 from his position as a warehouse associate at Defendant-company Amazon.com Services, Inc. ("Amazon")[2] for use of medical marijuana, violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq. *See* Compl. Plaintiff's Complaint was filed in the Superior Court of New Jersey in Middlesex County on October 4, 2019 and served on Defendant on October 9, 2019. *Id.* On November 8, 2019, in lieu of answering, Defendant Amazon removed the

---

[1] Plaintiff moves to amend his complaint to correct Plaintiff's initials from "D.J.C." to "D.P.C." Venneman Cert., ECF No. 4, ¶ 5. Because the Court remands the matter, the Court leaves this issue for the Superior Court of New Jersey, Middlesex County to resolve. For the purpose of this opinion, the Court will refer to Plaintiff as D.J.C.

[2] In its response, Defendant notes that it is incorrectly identified in Plaintiff's complaint as AMAZON COM DEDC, LLC. *See* Def.'s Resp., ECF No. 10, 1.

matter to this Court on federal question and diversity jurisdiction grounds. *See* Notice of Removal, ¶¶ 8-24.

## II. DISCUSSION

Before the Court now is Plaintiff's Motion to Remand for lack of both federal question and diversity jurisdiction. Plaintiff also seeks to amend his Complaint to: (1) correct his initials from "D.J.C." to "D.P.C."; (2) remove all references to the Americans with Disabilities Act ("ADA") in his complaint; and (3) to join and additional defendant, Carlos Santos. Venneman Cert., ¶¶ 5-7. If the Court permits the joinder of Carlos Santos as a defendant, Plaintiff argues that the matter should be remanded to New Jersey Superior Court because the Court will be deprived of diversity jurisdiction.

As an initial matter, the Court finds that while Defendant removed in part on the basis of this Court's federal question jurisdiction, the two passing references in Plaintiff's Complaint at paragraphs 10 and 17 to the ADA are insufficient to invoke this Court's federal question jurisdiction where all four claims are clearly and exclusively premised on sources of state law. *See* Compl., 8, 9, 11-13. Defendant appears to concede this point and "does not contest Palintiff's right to delete his ADA claim." *See* Def.'s Resp., 1 n. 1. This Court does not have federal question jurisdiction over the matter. Plaintiff's motion to amend his Complaint to remove all references to the ADA is granted.

Defendant asserts that the Court has diversity jurisdiction over the matter because Plaintiff is a New Jersey citizen, and Amazon is a citizen of Delaware and Washington because it is incorporated in Delaware and has its principal place of business in Washington.[3] Plaintiff requests that the Court permit him to amend his Complaint to add a resident of New Jersey, Carlos Santos, who is an Area Manager employed at the Amazon Fulfillment Center in Edison, New Jersey where Plaintiff was employed. Plaintiff states that the addition of Santos would destroy diversity jurisdiction. *See* Venneman Cert., ¶ 7. Courts are authorized to "permit joinder of a non-diverse party to a removed case, even if that joinder would then require the Court to remand the action back to state court." *City of Perth Amboy v. Saveco Ins. Co.,* 539 F.Supp.2d 742, 746 (D.N.J. 2008); *see also* 28 U.S.C. § 1447(e). In analyzing questions of joinder under 28 U.S.C. §

---

[3] Plaintiff appears to assert that Defendant American.com Services, Inc. has its principal place of business in New Jersey. Venneman Cert., ¶ 12. Because Defendant asserts in its Notice of Removal that its principal place of business is Washington and Plaintiff provides no asserts no evidence that it is New Jersey, the Court finds that Defendant's principal place of business is Washington. *See e.g.*, *Allstate New Jersey Ins. Co. v. Amazon.com, Inc.*, No. CV172738FLWLHG, 2018 WL 3546197, at *4 (D.N.J. July 24, 2018) ("Amazon is a corporation organized under the laws of Delaware, with its principal place of business in Seattle, Washington . . .").

1447(e), district courts in the Third Circuit regularly apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987). The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at 1182.

While Defendant argues that Defendant seeks to add Santos only to defeat federal jurisdiction, the Court finds credible Plaintiff's assertion that Santos was not initially named because, as his supervisor, naming Santos might prejudice reinstatement—a potential remedy Plaintiff has abandoned. *See* Pl.'s Reply, 12. Plaintiff asserts that Santos was allegedly involved in removing Plaintiff from the warehouse floor, bringing him to be drug tested, being present for Plaintiff's termination, and engaging in subsequent discussions with Defendant Morales. *Id.* at 13-14. These allegations sufficiently demonstrate a legitimate basis for Santos's joinder. The Court additionally finds that Plaintiff's effort to remand the matter after removal was not dilatory. *Id.* at 15-16. The Court concludes that all four of the *Hensgens* factors counsel permitting joinder of Santos.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to amend to the extent he seeks to join Carlos Santos as a defendant and remove references to the ADA in his Complaint. Because the Court is consequently deprived of diversity jurisdiction, Plaintiff's Motion to Remand is **GRANTED**.

April 9, 2020

                                                */s/ William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**